CIRCUIT COURT OF THE CITY OF RICHMOND

Julia Cecil Phillips et al.

v.

John H. Dickinson et al.

November 21, 1974

Case No. D-7144

By JUDGE RICHARD L. WILLIAMS

The issue to be resolved in this declaratory judgment proceeding arises under Virginia's antilapse statute, § 64.1-64, and was triggered by the event of Hallowell Dickinson's death on July 20, 1969, more than four years prior to the death of his wife, Cecil Dalton Dickinson, on October 21, 1973.

If the antilapse statute applies, property known as 6341 Ridgeway Road, Richmond, Virginia, passes to the issue of Hallowell Dickinson, which includes the complainants and the defendant John Hallowell Dickinson, non compos. If the antilapse statute does not apply, the property passes under the will of Cecil Dalton Dickinson to the complainants.

If § 64.1-64 was intended to apply mechanistically, the legislature, in enacting it, would not have included the words "unless a different disposition thereof be made or required by the will." The addition of such words restores dispositive intent to its customary favored position in law and leads us to an application of such rule to the facts before the court. Under these facts, I find that the will of Cecil Dalton Dickinson expressly rejects John Hallowell Dickinson as a testamentary recipient of any portion

of her estate, he having been secured in life by _inter vivos_ arrangements. Moreover, all ore tenus evidence confirms this singularly manifested intent.

Counsel are requested to submit a decree declaring the rights of the parties as expressed above. Since the guardian _ad litem_ has ably presented the position of his ward, I would like to have the detail of his time records and normal billing rates before fixing his fee. All costs are to be taxed against the estate of Cecil Dalton Dickinson.